IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-450-BO-RJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM J. HENDERSON IV, | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant has failed to respond, and the time for doing so has expired. In this posture, the motion is ripe for ruling. For the reasons that follow, the motion is granted.

BACKGROUND

Plaintiff, the government, instituted this proceeding by filing a complaint against defendant, Henderson, on November 10, 2022. [DE 1]. After attempts to serve Henderson were unsuccessful, the Court permitted the government an extension of time within which to effect service and permitted the government to serve Henderson by publication. [DE 8]. On August 17, 2023, the government filed an affidavit of service demonstrating service by publication. [DE 9].

On August 25, 2023, Henderson, appearing pro se, filed an answer to the complaint with a jury demand. [DE 10]. In the answer, Henderson listed his address as 86 Leaning Pine Circle, Spring Lake, North Carolina, 28390. *Id.* Henderson further agreed to notify the Clerk of Court of any changes to his address where documents related to the case could be served. Henderson has not notified the Clerk of Court of any change to his address.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

As noted above, Henderson has failed to respond to the motion for summary judgment, and the time for doing so has expired. Because he proceeds pro se, Henderson was provided notice of his right to respond pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). [DE 18].[1] "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.' The failure to respond to the motion does not automatically accomplish this." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

---

[1] On September 20, 2024, the *Roseboro* letter sent to Henderson at 86 Leaning Pine Circle in Spring Lake was returned as undeliverable. [DE 20]. A prior order extending the dispositive motion filing deadline was returned as undeliverable to the same address on September 16, 2024. [DE 19]. Henderson has agreed to notify the Clerk's Office of any changes of address but has failed to do so.

2

The government seeks summary judgment for unpaid federal income taxes and statutory additions to tax for tax year 2011. [DE 17]. In support of its motion, the government has filed evidence which demonstrates unpaid assessments of federal income tax and statutory additions to tax against Henderson. [DE 17-2; DE 17-3]. According to the government's evidence, as of May 20, 2024, Henderson owes $1,711,334, plus statutory interest and accruals accruing after May 20, 2024. [DE 17-2 ¶ 5; DE 17-3]. Federal income taxes were assessed against Henderson for tax year 2011 based upon a tax return that he filed. [DE 17-2 ¶ 4].

"An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Henderson has not come forward with any evidence or argument which would rebut the correctness of the tax assessment filed by the government. In his answer, Henderson contends that this action is time-barred and that the government has released its right to collect because Henderson's account was marked Closed-Currently not Collectable by an IRS Revenue Officer.

The government has ten years to commence a collection action based upon an assessment of tax. 26 U.S.C. § 6502(a)(1); *Remington v. United States*, 210 F.3d 281, 284 (5th Cir. 2000). The assessment in this case was made on November 26, 2012. [DE 17-2 ¶ 4]. This action was filed on November 10, 2022, within the ten-year limitations period. [DE 1]. Henderson has not come forward with any evidence to demonstrate an issue of material fact as to whether his account was closed.

3

Accordingly, the Court is satisfied that the material facts are uncontroverted and the government is entitled to summary judgment in its favor.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment [DE 17] is GRANTED. Judgment shall be entered in favor of the United States and against William J. Henderson IV for unpaid federal income taxes for tax year 2011 in the amount of $1,711,334 as of May 20, 2024, plus statutory additions to tax accruing from that date. The clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this ⎯⎯ day of October 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE